IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicos Singleton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:18-cv-1128-BHH |
| v. ) | |
| ) | **ORDER** |
| Science Applications International ) | |
| Corporation, d/b/a/ SAIC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Nicos Singleton's ("Plaintiff" or "Singleton") second amended complaint against Defendant Science Applications International Corporation, d/b/a SAIC ("Defendant" or "SAIC"), alleging (1) racial discrimination in violation of 42 U.S.C. § 1981, and (2) retaliation in violation of § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII").[1] On February 4, 2022, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. For the reasons

---

[1] The Court previously dismissed Plaintiff's Title VII race discrimination claim and hostile work environment claim. (ECF No. 48.)

set forth below, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background and evidence of record in great detail, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates by specific reference the background section of the Report and repeats only what is necessary to evaluate Plaintiff's objections to the Magistrate Judge's Report, as set forth below.

**I.     Plaintiff's Discrimination Claim under 42 U.S.C. § 1981**

In her Report, the Magistrate Judge set forth the applicable law governing Plaintiff's discrimination claim under § 1981 and, after considering the evidence of record and the parties' arguments, found: (1) Plaintiff has not offered direct evidence of discrimination on the basis of his race; and (2) under the *McDonnell Douglas* burden-shifting framework, Plaintiff has not established a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

As the Magistrate Judge explained, the *McDonnell Douglas* framework places upon a plaintiff the initial burden of establishing a prima facie case of discrimination by demonstrating that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was performing his job satisfactorily; and (4) the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trustee of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719-20 (D.S.C. 2014). With respect to the second element of a prima facie claim, the Magistrate Judge explained that "not every personnel decision constitutes an 'adverse employment action.'" *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 558 (D.S.C. 2013). The

Magistrate Judge further explained that, with respect to a failure-to-promote claim, as is this case here, a plaintiff must present evidence that: (1) he is a member of a protected class; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Bryant v. Aiken Reg. Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003).

Ultimately, the Magistrate Judge found that Plaintiff failed to show that he applied for the "Theater Lead" position that was given to Wes Hahn ("Hahn"), and that Plaintiff did not offer any evidence to show that Hahn's transfer to the "Theater Lead" position had any material adverse impact on the terms, conditions, or benefits of Plaintiff's employment. The Magistrate Judge specifically acknowledged Plaintiff's argument that "[n]o one 'applies' to a contract or a particular job in the traditional sense," finding that Plaintiff failed to submit evidence to support this assertion. (ECF No. 102 at 13-14 (citing ECF No. 100 at 5).)

Next, the Magistrate Judge found that *even if* Plaintiff were able to establish a prima facie case of discrimination, Defendant offered a legitimate, non-discriminatory reason for its decision to place Hahn in the Theater Lead position, and Plaintiff offered no evidence to show that the Defendant's reason is merely pretext for racial discrimination.[2]  (ECF No. 106 at 12-20.)

---

[2] As the Magistrate Judge explained, under the *McDonnell Douglas* burden-shifting framework, if a plaintiff can establish a prima facie case of discrimination, then the burden shifts to the employer to set forth a legitimate, non-discriminatory reason for the challenged employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). "Finally, if the employer carries this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 253 (1983)).

4

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff failed to show that he applied for the Theater Lead position, arguing that the Magistrate Judge overlooked the fact that no one applies for the position.  Contrary to Plaintiff's objection, however, as outlined above, the Magistrate Judge specifically considered Plaintiff's argument, finding that Plaintiff failed to offer any evidence to support his assertion, and the Court agrees with the Magistrate Judge.

Plaintiff further objects that the Theater Lead position was a "stepping stone" position to becoming a project manager, and he contends that not being promoted to Theater Lead "eliminated his upward mobility and ultimately reduced his future earning capacity," thereby adversely impacting the benefits of his employment. (ECF No. 103 at 2.) Additionally, Plaintiff takes issue with the notion that Hahn's move to Theater Lead was simply a "transfer."

After review, the Court finds no merit to these objections.  First, as the Magistrate Judge properly noted, it is undisputed that Plaintiff did not apply for the Theater Lead position.  Plaintiff testified that he did not apply for the position and did not have any conversations with James Trodglen ("Trodglen") about the position prior to the position being given to Hahn.

Next, the Court agrees with the Magistrate Judge that Plaintiff has failed to offer evidence to show that Hahn's transfer into the Theater Lead position had a material, adverse impact on the terms, conditions, or benefits of Plaintiff's employment.  As the Magistrate Judge explained, Plaintiff testified that Defendant never demoted him, decreased his pay, or removed any of his employment benefits; in fact, Plaintiff received

raises and a promotion after Hahn became Theater Lead. Furthermore, Plaintiff's unsupported allegation that the Theater Lead position was a "stepping stone" position simply does not create a triable question of fact on the issue, particularly where Plaintiff's allegation is undermined by the evidence of record.

In addition, the Court agrees with the Magistrate Judge that *even if* Plaintiff could establish a prima facie case of discrimination, Defendant has offered a legitimate, nondiscriminatory reason for its decision to assign Hahn to the Theater Lead position, and Plaintiff has not shown that, but for race, he would have been selected as Theater Lead. Plaintiff does not challenge the Magistrate Judge's finding that Defendant assigned Hahn to the Theater Lead position based on his qualifications; rather, Plaintiff summarily asserts that he can prove pretext by pointing to circumstantial evidence that undermines the credibility of the employer's stated reasons. (ECF No. 103 at 3.) Importantly, however, nowhere does Plaintiff point to any such circumstantial evidence, and the Court agrees with the Magistrate Judge that, viewing the evidence as a whole in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, Plaintiff fails to demonstrate a genuine question of fact as to Defendant's legitimate, non-discriminatory reasons for placing Hahn in the position of Theater Lead. As the Magistrate Judge explains in her Report, "Plaintiff's perception of what the qualifications for Theater Lead should have been, and his conclusory self-assessment that he was more qualified than Hahn, are insufficient to prove that SAIC's reasons are pretextual." (ECF No. 102 at 19.)

Based on the foregoing, the Court agrees with the Magistrate Judge that Plaintiff has failed to meet his evidentiary burden to show that he was not selected for the Theater Lead position because of his race, and the Court finds that Defendant is entitled to summary

judgment on Plaintiff's failure-to-promote claim.

## II.     Plaintiff's Retaliation Claim under 42 U.S.C. § 1981 and Title VII

As the Magistrate Judge explained in her Report, to succeed on a retaliation claim under the burden-shifting framework, a plaintiff must first establish: (1) that he engaged in protected activity; (2) his employer acted adversely against him; and (3) there was a causal connection between the protected activity and the asserted adverse action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 327 (4th Cir. 2011). Proof of but-for causation is necessary under both § 1981 and Title VII. *Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S.Ct. 1009, 1019 (2020) (applying but-for causation for § 1981 claims); and *Univ. of Tex. SW Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation").

In her Report, the Magistrate Judge found that Plaintiff has not met his initial burden of establishing a prima facie case of retaliation because (1) Plaintiff has not established that he engaged in protected activity and (2) Plaintiff has not shown a causal connection between any complaint and a materially adverse action. (ECF No. 102 at 21-26.) Specifically, the Magistrate Judge found that neither Plaintiff's repeated inquiries about the Theater Lead position and Hahn's placement in the position nor Plaintiff's complaints to supervisors about Hahn's misconduct rose to the level of complaints constituting protected activity. The Magistrate Judge explained that Plaintiff has not shown that he made any complaints of racial discrimination, and mere statements about unfair treatment without mentioning discrimination do not constitute protected activity.

Additionally, the Magistrate Judge found that Plaintiff has no offered no evidence to establish a causal connection between any of his complaints and a materially adverse

action, explaining that Plaintiff has not established retaliation based on (1) failure to promote; (2) constructive discharge; or (3) any other action.

In his objections, Plaintiff reiterates his allegations concerning a March 15, 2017 phone call to Human Resources, which Plaintiff alleges was "in follow up to an email sent by Tim Jennings stating that he was voicing concerns on behalf of a group after speaking to his colleagues who had the same problem." (ECF No. 103 at 3.) Plaintiff asserts that he was copied on Jennings' email and was identified as one of the colleagues with a problem. In addition, Plaintiff objects to the Magistrate Judge's findings by asserting that whether a causal connection exists between his complaints and an adverse action is a question of fact for the jury. (*Id.* at 4.)

After review, the Court finds no merit to Plaintiff's objections. The Court agrees with the Magistrate Judge's thorough analysis and finds that, viewing all of the evidence in the light most favorable to Plaintiff, he has not shown that his inquiries about the Theater Lead position or his complaints about Hahn's rude and unprofessional behavior constitute protected activity. Additionally, with respect to Jennings' email, the Court notes that it did not mention race, and Plaintiff testified that he had no memory of anyone ever mentioning race on the call with Human Resources. Ultimately, the Court finds that Plaintiff's activity, viewed in the light most favorable to him and resolving all inferences in his favor, simply was not "enough to trigger the protections of Title VII and Section 1981" or to put Defendant on notice that Plaintiff was opposing racially discriminatory conduct. *Harris v. Home Sales Co.*, No. RDB 09-1109, 2011 WL 826347, at *5 (D. Md. March 7, 2011).

Lastly, the Court finds no merit to Plaintiff's objection that whether a causal connection exists between any protected activity and any adverse action is a question for

the jury, for the simple reason that Plaintiff has not offered any evidence to create a disputed question of fact on this point. As such, the Court overrules Plaintiff's objections and finds that Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 102); overrules Plaintiff's objections (ECF No. 103); and grants Defendant's motion for summary judgment (ECF No. 97), thereby dismissing this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 29, 2022
Charleston, South Carolina